IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


GLENN F. ELLIOTT and
VIVIAN E. ELLIOTT,
his wife,

          Plaintiffs,

v.                                    Civil Action No. 5:15CV146
                                                         (STAMP)
AAA INSURANCE,

          Defendant.


**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFFS' MOTION TO REMAND
AND LIFTING THE STAY OF THE BRIEFING
OF DEFENDANT'S MOTION TO DISMISS**

I. Background

The plaintiffs initially filed this civil action in the
Circuit Court of Marshall County, West Virginia. ECF No. 1 Ex. 1.
According to their complaint, the plaintiffs purchased an
underinsured motorist policy from the defendant. Later, in 2011,
plaintiff Glenn F. Elliott was involved in a serious car accident.
The insurance carrier for the tortfeasor involved in that car
accident paid its limits of liability coverage. The payment by the
tortfeasor's insurance carrier was allegedly inadequate as to
making the plaintiffs whole. Therefore, they filed an action in
state court against the defendant, who is their insurer. The
plaintiffs allege that the defendant harassed the plaintiffs
throughout the state court action. That action ultimately settled
prior to trial. However, the plaintiffs claim that a dispute arose

as to the release language of the settlement. More specifically, the plaintiffs claim that the defendant sought a release of all claims that could be potentially brought against it. The plaintiffs believe that the defendant's insistence on such a release violates West Virginia law. Therefore, they seek not only enforcement of the settlement agreement, but also seek compensatory damages under what appears to be claims pursuant to the West Virginia Unfair Trade Practices Act ("UTPA") and <u>Hayseeds, Inc. v. State Farm Fire & Cas.</u>, 352 S.E.2d 73 (W. Va. 1986).[1]

The defendant then removed this civil action. ECF No. 1. The defendant filed a motion to dismiss, or in the alternative, motion to stay. ECF No. 2. This Court scheduled a status and scheduling conference as to the defendant's motion. ECF No. 4. After entering that order but before the conference, the plaintiffs filed a motion to remand, to which the defendant responded. ECF Nos. 6 and 7. The plaintiffs did not file a reply. This Court heard from both parties as to the pending motions at the status and scheduling conference. Based on the record before it, this Court ordered that

---

[1]The plaintiffs' complaint states in relevant part the following: "[The defendant] . . . violated the West Virginia Unfair Trade Practices Act and the regulations adopted thereunder in the following respects . . . ." ECF No. 1 Ex. 1. Further, as to the <u>Hayseeds</u> claim, the complaint states that the plaintiffs request "an Evidentiary Hearing to determine the amount and scope of damages, interest, and attorney's fees necessary to compensate them." <u>Id.</u>

the briefing schedule of the motion to dismiss be stayed until this Court ruled on the plaintiffs' motion to remand. ECF No. 10.

At issue now is the plaintiffs' motion to remand. For the reasons set forth below, the plaintiffs' motion to remand is DENIED and the stay on the briefing of the defendant's motion to dismiss is LIFTED.

## II. <u>Applicable Law</u>

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). However, if federal jurisdiction arises only by virtue of the parties' diverse citizenship, such an action "shall be removable only if none of the . . . defendants is a citizen of the State in which such action is brought." <u>Tomlin v. Office of Law Enforcement Tech. Commercialization, Inc.</u>, 5:07CV42, 2007 WL 1376030, at *1 (N.D. W. Va. May 7, 2007). The party seeking removal bears the burden of establishing federal jurisdiction. <u>See</u> <u>In re Blackwater Security Consulting, LLC</u>, 460 F.3d 576, 583 (4th Cir. 2006); <u>Mulcahey v. Columbia Organic Chems. Co., Inc.</u>, 29 F.3d 148, 151 (4th Cir.

1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Hartley v. CSX Transp., Inc., 187 F.3d 422 (4th Cir. 1999); Mulcahey, 29 F.3d at 151.

Further, the court is limited to a consideration of facts on the record at the time of removal. See Lowrey v. Alabama Power Co., 483 F.3d 1184, 1213–15 (11th Cir. 2007) ("In assessing whether removal was proper . . . the district court has before it only the limited universe of evidence available when the motion to remand is filed."); O'Brien v. Quicken Loans, Inc., 5:10CV110, 2011 WL 2551163 (N.D. W. Va. June 27, 2011); Marshall v. Kimble, No. 5:10CV127, 2011 WL 43034, at *3 (N.D. W. Va. Jan. 6, 2011) ("The defendant's removal cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal."); Fahnestock v. Cunningham, 5:10CV89, 2011 WL 1831596, at *2 (N.D. W. Va. May 12, 2011) ("The amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal.") (internal citations omitted). Regarding punitive damages, the mere likelihood of punitive damages, without more, does not give rise to federal jurisdiction. Cunningham, 2011 WL 1831596, at *2 (citing Landmark Corp. v. Apogee Coal Company, 945 F. Supp. 932 (S.D. W. Va. 1996)).

III.  <u>Discussion</u>

The plaintiffs are West Virginia residents.  The defendant is a foreign corporation which is both incorporated in and maintains its principal place of business in Michigan.  Therefore, the only issue in dispute is whether the amount in controversy amount is satisfied.

The plaintiffs believe, if they prevail, that the defendant will pay only $70,000.00 under the settlement agreement.  More specifically, they argue that either (1) the plaintiffs "will be asked to sign a release of only the underinsured Motorist claim," or (2) the plaintiffs "will be asked to sign a broader, illegal release of all claims, including direct claims against the insurance company."  ECF No. 6.  As a result of either occurrence, the plaintiffs argue that the defendant will ultimately pay only $70,000.00.  In this case, the plaintiffs argue that they now seek to "have a judge make a determination regarding the extra-contractual claims that AAA seeks to have dismissed and the manner in which AAA conducted itself during settlement negotiations[.]" ECF No. 6.  Because those issues "do not have a distinct calculable monetary value," the plaintiffs contend that the defendant failed to satisfy its burden.

In response, the defendant contends that the amount requirement is satisfied.  The defendant points out that the plaintiffs not only admit that their settlement amounts to

$70,000.00, but that they also seek an award of attorney's fees, compensatory damages, costs, and punitive damages.  Further, the plaintiffs appear to assert violations of the UTPA and an action for damages under Hayseeds, Inc. v. State Farm Fire & Cas., 352 S.E.2d 73 (W. Va. 1986).  In light of the plaintiffs' request for relief, the defendant argues that the damages could clearly exceed $75,000.00 if the plaintiffs prevail in this civil action.

As stated earlier, the amount in controversy requirement cannot be based on speculation or "what ifs" that may occur. Rather, the court is limited to a consideration of facts on the record at the time of removal.  See Lowrey, 483 F.3d at 1213-15. Moreover, "[t]he amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal." Cunningham, 2011 WL 1831596, at *2.  Because the parties contest the amount in controversy, the defendant must show that the amount requirement is satisfied under a "preponderance of the evidence" standard.  Dart Cherokee Basin Operating Company, LLC, et al. v. Owens, 135 S. Ct. 547, 553-54 (2014). Under the preponderance of the evidence standard, the amount in controversy requirement is clearly satisfied.  The parties do not dispute that, at the very least, the settlement agreement involves the payment of $70,000.00. The plaintiffs seek to have this Court enforce that payment. Furthermore, the plaintiffs clearly assert claims under the UTPA

6

and <u>Hayseeds</u>.  In particular, plaintiffs seek compensatory damages under the UTPA.  Moreover, should they prevail under the <u>Hayseeds</u> action, the plaintiffs would obtain attorney's fees in the amount of "one-third of the face amount of the policy, unless the policy is either extremely small or enormously large."  <u>Hayseeds</u>, 352 S.E.2d at 80.  When viewed as if the plaintiffs prevailed, it is clear that the amount in controversy is met.  Therefore, under the preponderance of the evidence standard, the amount in controversy requirement is satisfied.  Thus, the plaintiffs' motion to remand must be DENIED.

## IV.  <u>Conclusion</u>

For the reasons set forth above, the plaintiffs' motion to remand (ECF No. 6) is DENIED.  Further, the stay as to the briefing schedule of the defendant's motion to dismiss is LIFTED. Accordingly, the plaintiffs shall have until **<u>January 26, 2016</u>** to file a response to the motion to dismiss (ECF No. 2).  The defendant shall have until **<u>February 2, 2016</u>** to file a reply.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    January 12, 2016


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE