IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GLENN F. ELLIOTT and
VIVIAN E. ELLIOTT,
his wife,

    Plaintiffs,

v.                              Civil Action No. 5:15CV146
                                    (STAMP)

AAA INSURANCE,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION
TO FILE AN AMENDED COMPLAINT,
DENYING WITHOUT PREJUDICE DEFENDANT'S
MOTION TO DISMISS, OR ALTERNATIVELY, TO STAY,
DIRECTING PLAINTIFFS TO FILE AN AMENDED COMPLAINT
AND DIRECTING THE CLERK TO STRIKE
THE IMPROPERLY FILED AMENDED COMPLAINT**

I.  Background

The plaintiffs initially filed this civil action in the Circuit Court of Marshall County, West Virginia. ECF No. 1 Ex. 1. According to their complaint, the plaintiffs purchased an underinsured motorist policy from the defendant. Later, in 2011, plaintiff Glenn F. Elliott was involved in a serious car accident. The insurance carrier for the tortfeasor involved in that car accident paid its limits of liability coverage. The payment by the tortfeasor's insurance carrier was allegedly inadequate as to making the plaintiffs whole. Therefore, they filed an action in state court against the defendant, who is their insurer. The plaintiffs allege that the defendant harassed the plaintiffs

throughout the state court action. That action ultimately settled prior to trial. However, the plaintiffs claim that a dispute arose as to the release language of the settlement. More specifically, the plaintiffs claim that the defendant sought a release of all claims that could be potentially brought against it. The plaintiffs believe that the defendant's insistence on such a release violates West Virginia law. Therefore, they seek not only enforcement of the settlement agreement, but also seek compensatory damages under what appears to be claims pursuant to the West Virginia Unfair Trade Practices Act ("UTPA") and <u>Hayseeds, Inc. v. State Farm Fire & Cas.</u>, 352 S.E.2d 73 (W. Va. 1986). The defendant then removed this civil action. ECF No. 1.

The defendant has since filed a motion to dismiss, or in the alternative, motion to stay. ECF No. 2. This Court scheduled a status and scheduling conference as to the defendant's motion. ECF No. 4. After entering that order but before the conference, the plaintiffs filed a motion to remand, to which the defendant responded. ECF Nos. 6 and 7. The plaintiffs did not file a reply. This Court heard from both parties as to the pending motions at the status and scheduling conference. Based on the record before it, this Court ordered that the briefing schedule for the motion to dismiss be stayed until this Court ruled on the plaintiffs' motion to remand. ECF No. 10. Ultimately, this Court denied the

plaintiffs' motion to remand, and lifted the stay as to the briefing of the motion to dismiss.

At issue now are the defendant's motion to dismiss, or alternatively, to stay, and the plaintiffs' motion to file an amended complaint. In its motion to dismiss, the defendant first asserts that the plaintiffs' extra-contractual claims under UTPA are barred by the statute of limitations. As to the claim for enforcement of the settlement agreement, the defendant notes that the plaintiffs filed a pending claim in Ohio state court, in which the plaintiffs seek the proceeds of the underinsured motorist coverage policy. The defendant alternatively requests that this civil action be stayed pending resolution of the Ohio action. The plaintiffs filed a response in opposition. In their response, they first argue that the statute of limitations has not expired, because the conduct related to the claim persists. Moreover, the plaintiffs believe that they have adequately pleaded all of their claims under the complaint. As to the request to stay, the plaintiffs contend that the UTPA claims under West Virginia law must be decided before the Ohio court can properly rule on the claims before it. The defendant filed a reply, wherein it reasserts its initial arguments and also argues that the plaintiffs' response is untimely.

The plaintiffs then filed a motion to file an amended complaint. In their motion, the plaintiffs seek to clarify their

claims and theories of liability.  Moreover, the plaintiffs point out that they are making their request to amend in the early stages of this civil action.  Therefore, the plaintiff's believe that the defendant will face little, if any, prejudice.  The plaintiffs also point out that they sought the consent of the defendant to amend, but such consent was not given.  The defendant filed a response in opposition, wherein it asserts that the motion to amend is both futile and made in bad faith.  No reply was filed.

For the reasons set forth below, the plaintiffs' motion to file an amended complaint is GRANTED, and the defendant's motion to dismiss, or alternatively, to stay is DENIED WITHOUT PREJUDICE. Further, the plaintiffs are DIRECTED to file the amended complaint, and the Clerk is DIRECTED to strike the improperly filed docket entry, titled "Amended Complaint" (ECF No. 15).[1]

## II.  Applicable Law

Federal Rule of Civil Procedure 15(a)(1)(A) states, in pertinent part, that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading."  If a party seeks to amend its pleadings in all other cases, it may only do so "with the opposing party's written consent

---

[1] The plaintiffs point out that the docket entry titled "Amended Complaint" (ECF No. 15) should not have been filed. They attribute that improper filing to an "internal office error." ECF No. 17.

or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2007); In re Tamoxifen Citrate Antitrust Litig., 429 F.3d 370, 404 (2d Cir. 2005); Ward Elec. Serv. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987); Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984).

### III. Discussion

As stated above, the following motions are at issue: (1) the plaintiffs' motion to file an amended complaint, and (2) the defendant's motion to dismiss, or alternatively, to stay. Those motions are discussed below in the order presented.

A. Plaintiffs' Motion to File an Amended Complaint

The plaintiffs indicate that they wish to clarify the nature of their claims and theories of liability. The defendant argues that the plaintiffs' proposed amendments are both made in bad faith and futile. However, a comparison of the previous, unamended

complaint and the proposed amended complaint show that, on its face, neither bad faith nor futility are present.

As to the assertion of bad faith, the defendant has not adequately shown such conduct by the plaintiffs. Bad faith on the part of the movant requires an "affirmative demonstration by the non-moving party." Roller Bearing Co. of America, Inc. v. American Software, Inc., 570 F. Supp. 2d 376, 384 (D. Conn. 2008) (citing Monahan v. New York City Dep't of Corr., 214 F.3d 275, 283-84 (2d Cir. 2000)). Here, the defendant contends that the plaintiffs' proposed amendments are an attempt to avoid application of the relevant statute of limitations. That accusation, standing alone, is insufficient to demonstrate the standard of "bad faith" contemplated in the context of Rule 15. The defendant's argument as to futility also falls short. "A proposed amendment is futile if it serves no legitimate purpose or is without legal merit." Savoy v. White, 139 F.R.D. 265, 267 (D. Mass. 1991) (citing Liberty Leather Corp. v. Callum, 653 F.2d 694, 700 (1st Cir. 1981)). Phrased another way, "[a] district court may also deny leave to amend when the proposed amendment would be futile—that is, when it could not survive a Rule 12(b)(6) motion to dismiss." American Software, Inc., 570 F. Supp. 2d at 385 (citing Dougherty v. Town of North Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002)). The plaintiffs' proposed amendments do serve a legitimate purpose, which in this case are to clarify the claims asserted

against the defendant. Further, the plaintiffs correctly point out that their motion to file an amended complaint has been made in the early stages of this civil action, which cuts against any argument of prejudice to the defendant. See Scott v. Family Dollar Stores, Inc., 733 F.3d 105, 118-19 (4th Cir. 2013) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986) (noting that the "basis for a finding of prejudice essentially applies where the amendment is offered shortly before or during trial"). Based on the grounds discussed above, the plaintiffs' motion to file an amended complaint is GRANTED.

B. Defendant's Motion to Dismiss, or Alternatively, to Stay

As indicated above, defendant filed a motion to dismiss, or alternatively, to stay. However, that motion concerned the plaintiffs' previous, unamended complaint. Because this Court has granted the plaintiffs' motion to file an amended complaint, it is unnecessary to rule on the merits of the defendant's motion to dismiss, which applies to the previous, unamended complaint. Therefore, the defendant's motion to dismiss, or alternatively, to stay is DENIED WITHOUT PREJUDICE.

IV. Conclusion

For the reasons set forth above, the plaintiffs' motion to file an amended complaint is GRANTED, and the defendant's motion to dismiss, or alternatively, to stay is DENIED WITHOUT PREJUDICE. Accordingly, the plaintiffs are DIRECTED to file an amended

complaint, and the Clerk is DIRECTED to strike the incorrectly filed docket entry, titled "Amended Complaint" (ECF No. 15).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    March 10, 2016

/s/ Frederick P. Stamp, Jr.  
FREDERICK P. STAMP, JR.  
UNITED STATES DISTRICT JUDGE