IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GLENN F. ELLIOTT and
VIVIAN E. ELLIOTT,
his wife,

    Plaintiffs,

v.                                           Civil Action No. 5:15CV146
                                                                  (STAMP)

AAA INSURANCE,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO DISMISS,
DENYING ALTERNATIVE REQUEST TO STAY AND
DENYING AS MOOT ALL OTHER CURRENTLY PENDING MOTIONS**

I. Procedural History

The plaintiffs initially filed this civil action in the Circuit Court of Marshall County, West Virginia. According to their complaint, the plaintiffs purchased an underinsured motorist policy from the defendant. Later, in 2011, plaintiff Glenn F. Elliott was involved in a serious car accident. The insurance carrier for the tortfeasor involved in that car accident paid its limits of liability coverage. The payment by the tortfeasor's insurance carrier was allegedly inadequate. Therefore, the plaintiffs filed an action in state court against the defendant, who is their insurer. The plaintiffs allege that the defendant harassed the plaintiffs throughout the state court action. That state court action ultimately settled prior to trial. However, the plaintiffs claim that a dispute arose as to the release language of

the settlement.  More specifically, the plaintiffs claim that the defendant sought a release of all claims that could be potentially brought against it, which the parties refer to as a "global release."  The plaintiffs believe that the defendant's insistence on such a release violates West Virginia law.

The defendant then removed this civil action.  ECF No. 1. Following removal, the defendant filed a motion to dismiss, or in the alternative, motion to stay.  ECF No. 2.  This Court then scheduled a status and scheduling conference as to the defendant's motion. ECF No. 4.  After scheduling the conference but before the conference occurred, the plaintiffs filed a motion to remand, to which the defendant responded.  ECF Nos. 6 and 7.  This Court denied the plaintiffs' motion to remand.  Following that ruling, the plaintiffs filed a  motion to file an amended complaint.  ECF No. 17.  This Court granted the plaintiffs' motion to file an amended complaint, and denied without prejudice the defendant's motion to dismiss, or alternatively, to stay.  ECF No. 21. Pursuant to the amended complaint, the following counts are asserted: (1) Count I, continuing tortious conduct; (2) Count II, violation of the West Virginia Unfair Trade Practices Act ("UTPA"), W. Va. Code § 33-11-4(9); (3) Count III, breach of contract by bad faith; and (4) Count IV, punitive damages.

At issue now is the defendant's second motion to dismiss, or alternatively, to stay.  ECF No. 24.  In its motion to dismiss, the

2

defendant first asserts that the plaintiffs' extra-contractual claims, Counts II and III, are barred by the statute of limitations. The defendant points out that claims under the UTPA and for breach of contract by bad faith have a one-year statute of limitations, and the claims at issue allegedly arose on October 1, 2014. However, the plaintiffs filed this civil action on October 16, 2015, which exceeds the one-year limitations period. As to Counts I and IV, the defendant contends that the plaintiffs have failed to adequately plead their claim and that the statute of limitations has run. The defendant, alternatively, requests that this civil action be stayed pending resolution of a current Ohio civil action involving both parties, which the plaintiffs filed. According to the defendant, the Ohio court will rule on, among other issues, the scope of the settlement agreement at issue. Further, the defendant points out that the presiding judge in Ohio also presided over the plaintiffs' previously filed civil actions regarding the policy and settlement agreement at issue. Because the defendant feels that the Ohio court is in a better position to determine the nature and scope of the settlement agreement, the defendant alternatively requests that this civil action be stayed while the Ohio action remains pending.

The plaintiffs filed a response in opposition. In their response, they first argue that the statute of limitations has not run, because the conduct related to their claims persists.

Moreover, the plaintiffs believe that they have adequately pleaded all of their claims under the complaint. As to the request to stay, the plaintiffs contend that the claims under West Virginia law must be decided before the Ohio court can properly rule on the claims before it. Further, the plaintiffs assert that the motion to dismiss should be converted into a motion for summary judgment, as provided for under Federal Rule of Civil Procedure 12(d). In support of that assertion, the plaintiffs point to the exhibits attached by the defendant to its motion to dismiss.

The defendant filed a reply, wherein it reasserts its initial arguments. The defendant also asserts that its motion to dismiss, whether viewed as a motion for summary judgment or not, is fully briefed, and thus, no additional responses or filings are necessary.

In addition to its motion to dismiss, the defendant also filed a motion for protective order. ECF No. 27. The defendant requests that a protective order and stay be entered, which would prohibit the plaintiffs' "bad faith" discovery until the defendant's pending motion to dismiss is ruled upon by the Court. The day after the defendant filed a motion for protective order, the plaintiffs filed a motion for extension of time to designate experts. ECF No. 30. In light of the defendant's motion for a protective order, the plaintiffs request additional time to allow "the plaintiffs' expert to supplement the record and report." Id.

4

For the reasons set forth below, the defendant's motion to dismiss (ECF No. 24) is GRANTED, and the alternative request to stay is DENIED. Further, the defendant's motion for a protective order (ECF No. 27) and the plaintiffs' motion for an extension of time to file a designation of experts (ECF No. 30) are DENIED AS MOOT.

## II. Applicable Law

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed.

1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

### III. Discussion

After reviewing the defendant's motion to dismiss and the parties' filings, the primary issue appears to be whether the continuous tort doctrine applies to the plaintiffs' claims. More

6

specifically, the defendant argues that a one-year statute of limitations applies to the plaintiffs' claims. The plaintiffs' claims, however, rest upon the assertion that "as a result of the continuous tortious conduct by the defendant, the plaintiffs have and continue to suffer and incur damages." ECF No. 22. Therefore, based on the so-called "continuing tort doctrine," the plaintiffs believe that their claims fall outside of the applicable statute of limitations period.

West Virginia law provides, and the parties do not appear to dispute, that a one-year statute of limitations applies to the claims in this case. See Syl. Pt. 1, Wilt v. State Auto. Mut. Ins. Co., 506 S.E.2d 608 (W. Va. 1998) ("Claims involving unfair settlement practices that arise under the [UTPA] . . . are governed by the one year statute of limitations set forth in West Virginia Code § 55-2-12(c) (1994))."; Noland v. Virginia Ins. Reciprocal, 686 S.E.2d 23, 34-35 ("We find that a common law bad faith action does not involve property damage, personal injury, or fraud or deceit. Therefore, we expressly hold that the one-year statute of limitations contained in W. Va. Code § 55-2-12(c) . . . applies to a common law bad faith claim."). Generally speaking, West Virginia law provides that the statute of limitations for a cause of action "accrues . . . when a tort occurs." Vorholt v. One Valley Bank, 498 S.E.2d 241, 246 (W. Va. 1997) (citing Syl. Pt. 1, Cart v.

7

Marcum, 423 S.E.2d 655 (W. Va. 1992)).[1] One relevant exception to that rule, however, is the continuing tort doctrine, which the Supreme Court of Appeals of West Virginia has formally adopted. The continuing tort doctrine states that "[w]here a tort involves a continuing or repeated injury, the cause of action accrues at and the statute of limitations begins to run from the date of the last injury or when the tortious overt acts or omissions cease." Syl. Pt. 11, Graham v. Beverage, 566 S.E.2d 603 (W. Va. 2002); accord Roberts v. West Virginia American Water Co., 655 S.E.2d 119, 124 (W. Va. 2007). Such a continuing cause of action has been described by the Court as "being a situation where events, which for all practical purposes are identical, occur repeatedly, at short intervals, in a consistent, connected, rhythmic manner." Auber v. Jellen, 469 S.E.2d 104, 110 (W. Va. 1996) (citing DeRocchis v. Matlack, Inc., 460 S.E.2d 663, 669 n.4 (W. Va. 1995)). Examples of situations where the continuing tort doctrine was applied include when a party faces repeated and successive exposure

---

[1] It should be noted that West Virginia also adopts the "discovery rule," which states that the statute of limitations for claims of fraud or tort do "not begin to run until the injured person knows, or by the exercise of reasonable diligence should know, of the nature of his injury [.]" Stemple v. Dobson, 400 S.E.2d 561, 564 (W. Va. 1990). That rule, however, "is to be applied with great circumspection on a case-by-case basis only where there is a strong showing by the plaintiff that he was prevented from knowing of the claim at the time of the injury." Vorholt, 423 S.E.2d at 648. In this case, the discovery rule does not appear to apply since the plaintiffs do not allege that they were prevented from knowing about their claims at issue.

to fumes, DeRocchis, 460 S.E.2d at 663, or when a party faces medical examinations that result in a different misdiagnosis each time, Auber, 469 S.E.2d at 110. The continuing tort doctrine has been found to **not** apply, however, in situations such as when a party experienced "observable, steady, and more or less continual leaking of water" that allegedly caused more serious injury over time to his property, Handley v. Town of Shinnston, 289 S.E.2d 201 (W. Va. 1982), or when a party received separate and continued refusals by his insurer to provide coverage under an insurance policy, see Noland, 686 S.E.2d at 38 (citing Adamski v. Allstate Ins. Co., 738 A.2d 1033 (Pa. Super. Ct. 1999)).

The allegations in this case do not warrant invoking the continuing tort doctrine. As stated above, the plaintiffs allege throughout the complaint that the defendant "continues its breach of contract and violations of law by refusing to pay the $70,000.00 it has admitted and agreed are due under the insurance contract unless [Glenn] Elliott waives all of his West Virginia extra-contractual claims." ECF No. 25 (emphasis in original). The record shows, however, that the plaintiffs were informed of the global release contained in the settlement agreement by receipt of the actual settlement agreement on October 1, 2014. ECF No. 1 Ex. 2. The plaintiffs' claims all stem from the defendant's refusal to enforce the settlement unless the plaintiffs agreed to the global

9

release.  That means the statute of limitations began to run on October 1, 2014.

This case is similar to Adamski, which the Supreme Court of Appeals of West Virginia not only cited but discussed approvingly in Noland.  The plaintiff in Adamski filed suit against an insured's insurer for failure to defend and indemnify.  The trial court in Adamski dismissed the plaintiff's action because the plaintiffs' claims were barred by the statute of limitations.  On appeal, the plaintiff argued, in relevant part, that the continuing tort doctrine applied because the insurer continued to refuse to defend and indemnify the insured.  The Court in Adamski rejected that argument, pointing out that "the alleged harm occurred when [the insurer's] position was made clear by the 1986 letter and [the insurer] maintained that position by subsequently refusing to defend or indemnify."  738 A.2d at 1042.  Therefore, the Court in Adamski found that the plaintiff could not "now avoid . . . an applicable statute of limitations by asserting that the continuing refusal to cover [the insured] was a separate act of bad faith." Id. at 1043.

In the instant case, the plaintiffs cannot similarly avoid the applicable statute of limitations.  The plaintiffs' harm occurred upon receipt of the settlement agreement on October 1, 2014.  It would be quite a stretch for this Court to find that the defendant is committing a tort every day by requiring the plaintiffs to agree

10

to a global release, especially in light of the above case law. Such a finding would contradict already existing law, which rejects "overly broad" applications of the continuing tort doctrine. See, e.g., Roberts, 655 S.E.2d at 378. The continuing tort doctrine is designed for certain situations, and such a situation does not exist in this case. Using the latest date, the plaintiffs had until October 1, 2015, to file their complaint. They filed their complaint on October 16, 2015. That means the plaintiffs filed their complaint after the statute of limitations ran, which means that their claims cannot proceed in this case.

It should be noted that in their response, the plaintiffs argue that the defendant's motion to dismiss should be converted into a motion for summary judgment because it contains additional exhibits that are not attached to the complaint. ECF No. 25. Rule 12(d) of the Federal Rules of Civil Procedure states the following:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

In certain situations, however, "a document that is not formally incorporated by reference or attached to a complaint may still be considered part of the pleadings. Greenberg v. Life Ins. Co. of Va., 177 F.3d 507, 514 (6th Cir. 1999). In particular, this is permitted when "a document is referred to in the complaint and is central to the plaintiff's claim . . . ." Id. (internal quotations

11

and citations omitted); see Kaempe v. Myers, 367 F.3d 958, 965 (D.C. Cir. 2004).  The United States Court of Appeals for the Fourth Circuit has also stated that "[c]onsideration of a document attached to a motion to dismiss ordinarily is permitted only when the document is integral to and explicitly relied on in the complaint, and when the plaintiffs do not challenge [the document's] authenticity."  Zak v. Chelsea Therapeutics Intern., Ltd., 780 F.3d 597, 606-608 (4th Cir. 2015)(internal citations and quotations omitted).

In this case, the only extrinsic document considered was the settlement agreement, including its cover letter.  That settlement agreement is central to the plaintiffs' claims, particularly as to the global release contained therein.  Indeed, the plaintiffs repeatedly reference the agreement and global release throughout the amended complaint.  The plaintiffs also have not challenged the provided settlement agreement's authenticity, as required under Zak.  For those reasons, this Court will decline to convert the defendant's motion to dismiss into a motion for summary judgment.  Therefore, the defendant's motion to dismiss (ECF No. 24) is GRANTED, and the alternative request to stay is DENIED.[2]  Based on that ruling, the pending motion for protective order (ECF No. 27)

---

[2] Because this Court finds that the plaintiffs' claims are barred by the statute of limitations, it is unnecessary to discuss whether the plaintiffs have adequately pleaded their claims.

12

and motion for extension of time to file designation of experts (ECF No. 30) are accordingly DENIED AS MOOT.

IV. Conclusion

For the reasons set forth above, defendant AAA Insurance's motion to dismiss (ECF No. 24) is GRANTED, and its request to stay this civil action is DENIED.  Further, the defendant's motion for protective order (ECF No. 27) and the plaintiffs' motion for extension of time to file designation of experts (ECF No. 30) are both DENIED AS MOOT.  It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    May 12, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE